UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **AWSUKNE D. BIBBS** | * | **CIVIL ACTION NO.  12-1283** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NURSE GRANT, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Awsukne D. Bibbs filed the instant civil rights complaint on May 14, 2012, against Nurse Grant, Warden Ricky Scott, and Nurse Assistant Dear.  At the time plaintiff filed suit, he was an inmate confined at the Richland Detention Center, Rayville, Louisiana. Plaintiff's suit challenges his conditions of confinement and seeks a transfer to Hunt Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

### Procedural Background

As stated above, plaintiff filed his *pro se* civil rights complaint on May 14, 2012.  On May 23, 2012, the undersigned noted that plaintiff failed to:  1) file the complaint on approved forms; and 2) either submit the $350.00 filing fee, or otherwise file an application to proceed in forma pauperis ("IFP" petition).  (May 23, 2012, Mem. Order [doc. # 3]).  Accordingly, the court afforded plaintiff 30 days to amend his pleadings to correct the foregoing deficiencies.  *Id*.  The

court cautioned plaintiff that if he failed to so comply, then the court would strike his complaint from the record. *Id*.

On June 11, 2012, plaintiff filed a motion requesting a 45 day extension of time to obtain a lawyer. [doc. # 4]. In his submission, plaintiff represented that he was working 12 hour shifts, and that he would send in the proper forms and the $350 filing fee as soon as the facility would "cut [him] a check." *Id*.

On June 21, 2012, plaintiff re-submitted his complaint on the proper form. [doc. # 5]. He also submitted an IFP petition, but it was marked deficient because it was missing pages, and because he failed to sign the authorization page. [doc. # 6]. Accordingly, the Clerk of Court sent plaintiff another copy of the IFP form for him to complete.

On July 9, 2012, plaintiff wrote to the court that no sooner than his family had found him an attorney, they moved him to "some place called Concordia Parish Correctional facility." [doc. # 7]. He also reported that he had been stripped of his work release status and placed on 24 hour lockdown. *Id*.

On July 30, 2012, plaintiff again sent a letter to the court stating that he had not yet received his completed paperwork from Sheila Spinner at the facility. [doc. # 9]. He added, however, that, as soon as he did receive the form from Ms. Spinner, he would forward it to the court. *Id*.

On August 8, 2012, plaintiff advised the court that he had been moved to Catahoula Correctional Center, but that he did not expect to be there long because the facility permitted smoking in the dormitory. [doc. 10]. He still was waiting on the facility to complete his paperwork. *Id*.

On August 20, 2012, plaintiff updated the court with his latest residence: Winn Parish

Jail. [doc. # 12]. In response, the Clerk of Court re-sent plaintiff the IFP form with a note advising him as to which pages were still missing. [doc. # 12].

On August 27, 2012, however, the postal service returned the forms that the Clerk had attempted to transmit to plaintiff, with the following notation, "RETURN TO SENDER NOT AT THIS ADDRESS." [doc. # 13].

To date, more than 30 days elapsed since the post service returned the correspondence to the Clerk of Court. However, the court has not received anything further from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule 41.3W provides, in part, that "[t]he failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

Here, plaintiff has failed to comply with a court order(s) requiring him either to pay the court filing fee or properly complete an IFP petition. Furthermore, plaintiff has failed to keep the court apprised of his latest change of address. Under these circumstances, dismissal is warranted.

3

However, to the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has failed to comply with at least one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of court orders[1] reflects his own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to him as a litigant unrepresented by counsel.[3]

---

[1] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[2] *See Millan, supra*.

[3] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 3rd day of October 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE